IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02288-BNB

NATHANIEL HAMPTON,

Applicant,

v.

RONALD LEYBA,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 27 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Nathaniel Hampton is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Hampton initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the computation of his state sentence. In an order filed on September 11, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On November 21, 2008, Respondent filed a Preliminary Response. Mr. Hampton filed a Reply on December 4, 2008. Respondent also, at the direction of the Court, has submitted supplemental briefing, the last of which was received by the Court on February 9, 2009.

The Court must construe liberally the Application and Reply filed by Mr. Hampton because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

In the Application, Mr. Hampton raises five claims that address alleged deprivations of earned-time credits during his parole. On July 23, 2007, Mr. Hampton filed a habeas corpus petition in state court, he amended the petition on January 28, 2008, and the state trial court denied the amended petition on January 30, 2008. (Application at Ex. B.) Mr. Hampton, in his Reply, contends that he did not receive notice of the denial, even though he requested a status report in the case and a hearing. (Reply at 3.) He also asserts that not until after June 30, 2008, when he requested a registry of action from the trial court, did he know that his habeas corpus petition had been denied in state court. (Reply at 3.) Mr. Hampton further asserts that prior to receiving the registry he filed a writ of habeas corpus, on July 18, 2008, in the Colorado Supreme Court and requested that the Court assume jurisdiction over his case. (Reply at 3.) The Colorado Supreme Court denied the writ on August 12, 2008. (Preliminary Resp. at Ex. F.)

Respondent concedes in the Preliminary Response that the action is timely but argues that Mr. Hampton has not exhausted his state court remedies. The Court will address Respondent's exhaustion argument.

Mr. Hampton must exhaust state court remedies before he may pursue his claims in a habeas corpus action pursuant to § 2241 in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondent argues that Mr. Hampton filed a habeas corpus petition in state court challenging the computation of his sentence, but he did not file a timely appeal to the Colorado Supreme Court from the trial court's order denying the habeas corpus petition.[1] Respondent concludes that because Mr. Hampton did not file a timely appeal with the Colorado Supreme Court, he has not exhausted his claims. Although not clear, Respondent, in citing to *Klein v. Neal*, 45 F.3d 1395 (10th Cir. 1995), also appears to argue that Mr. Hampton is procedurally barred from raising his claims in this Court. (Answer at 6.)

In his Reply, Mr. Hampton argues that this Court should find he "pursued his claims diligently and the lack of response from the State Court did present such

---

[1] Pursuant to Colo. Rev. Stat. § 13-4-102(1)(e), the Colorado Supreme Court has jurisdiction to review a district court's denial of a petition for writ of habeas corpus.

extraordinary circumstances as to prevent him from filing a timely 28 U.S.C. § 2241 action in this Court." (Reply at 3.) Mr. Hampton further asserts, in the Reply, that his "procedural bar to State Court review should be . . . excused for good cause and to prevent a fundamental miscarriage of justice." (Reply at 3.)

Mr. Hampton's arguments regarding the timeliness of his § 2241 action are unnecessary because Respondent concedes that the instant action is timely. As for Respondent's claim that the action is barred in this Court because Mr. Hampton failed to exhaust his remedies, the claim is vague and without legal basis. Respondent fails to assert that Mr. Hampton is procedurally barred from raising any of his claims in a new postconviction motion. Furthermore, this Court takes note of a memorandum brief filed by defendants in *Hampton v. Perez, et al.*, No. 07-cv-01732-CMA-MEH, Doc. 64, p. 4 (D. Colo. Filed Nov. 17, 2008), a prisoner complaint initiated by Mr. Hampton. In the memorandum brief, defendants assert that Mr. Hampton currently has a Colo. R. Crim. P. 35 postconviction motion pending before the state sentencing court, in which he challenges the legality of his parole revocation and the conditions placed on him when he was re-paroled. The claims raised in Case No. 07-cv-01732, in part, are the same claims that he raises in the instant action. Therefore, the Court finds no basis for dismissing the instant action as procedurally barred. The Court, nonetheless, will dismiss the instant action without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 27 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-02288-BNB

Nathaniel Hampton
Prisoner No. 114008
Crowley County Correctional Facility
6564 State Highway 96
Onley Springs, CO 81062

Jennifer S. Huss
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/27/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk